IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KATHERINE MORRISSETTE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:23-00447-KD-MU |
| | ) |
| **BP EXPLORATION & PRODUCTION, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Motion to Amend Complaint filed by Plaintiff Katherine Morrissette ("Plaintiff"). (Doc. 20). On February 8, 2024, the Court, pursuant to Fed. R. Civ. P. 42(a), consolidated two related actions filed by Plaintiff with the instant case.[1] (Doc. 16). The BELO Complaint in this case, (Doc. 1), is therefore the third complaint filed by Plaintiff against Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively "BP Defendants") "arising out of Plaintiff being diagnosed with five separate and distinct later-manifested medical conditions, and all of which Plaintiff claims were caused by her exposure and direct contact with oil, hydrocarbons, chemical dispersants, and other toxic substances when, in 2010, she was employed as a Shoreline and Beach Clean-Up Worker as part of the response to the *Deepwater Horizon* oil spill." (Doc. 20 at 2). Plaintiff seeks leave to amend the BELO Complaint by making changes to several of its allegations, (id. at 3-4), while also withdrawing claims for two of her alleged conditions – "Chronic Dry Eye Syndrome of Bilateral Lacrimal Glands, and Unspecified Conjunctivitis." (Id. at 4 n.9).

---

[1] The related cases, which the Magistrate Judge instructed the Clerk of Court to administratively close, were Civil Action Nos. 21-0143-TFM-MU and 22-0403-JB-MU.

At this stage in the litigation, and absent the BP Defendants' written consent, Rule 15(a)(2) applies and instructs the Court to "freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). Courts "may consider several factors when deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340 (11th Cir. 2014) (cleaned up). Upon review, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the BP Defendants via the amendment, and/or futility.

Since the Court has not ascertained any substantial reason to deny Plaintiff's motion, and because Plaintiff represents to the Court that the motion is unopposed, the interests of justice indicate that it should be granted. See Borden, Inc. v. Fla. E. Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment.").

Accordingly, any **objection** shall be filed on or before **March 29, 2024**. If no objection is filed, then the motion to amend is **GRANTED** without further action by this Court and Plaintiff shall file the **First Amended BELO Complaint** on or before **April 5, 2024**.

**DONE** and **ORDERED** this **22nd** day of **March 2024**.

                                                    **s / Kristi K. DuBose**
                                                    **KRISTI K. DuBOSE**
                                                    **UNITED STATES DISTRICT JUDGE**